Young, C.J.
(concurring). I concur with the majority opinion because I believe that the Commissioner of the Office of Financial and Insurance Services (OFIS)[1] erroneously concluded that minimum employer contribution requirements are inconsistent with the small employer group health coverage act (SEGHCA)[2] because noncompliance with a minimum employer contribution requirement is not listed among the exceptions to the guaranteed renewal provisions *79 contained in the act.[3] Ioffer several observations for the commissioner to consider on remand.
The petitioner in this matter, a Michigan health maintenance organization (HMO), requires that all small employers[4] pay either 75 percent of the single premium amount or 50 percent of the total premium amount, at the employer’s option, as a condition of coverage. A small employer cannot obtain health insurance from petitioner unless the employer agrees to pay 50 or 75 percent of the premium,[5] even if the premiums are otherwise paid in full.
The SEGHCA establishes various requirements for carriers[6] that offer health insurance benefit *80 plans[7] to small employers in Michigan. As a condition of transacting business with small employers in Michigan, a small employer provider is required to offer its entire menu of small employer health plans to any small employer. MCL 500.3707(1) provides:
As a condition of transacting business in this state with small employers, every small employer carrier shall make available to small employers all health benefit plans it markets to small employers in this state. A small employer carrier shall be considered to be marketing a health benefit plan if it offers that plan to a small employer not currently receiving a health benefit plan from that small employer carrier. A small employer carrier shall issue any health benefit plan to any small employer that applies for the plan and agrees to make the required premium payments and to satisfy the other reasonable provisions of the health benefit plan not inconsistent with this chapter [chapter 37 of the Insurance Code, MCL 500.100 etseq.].[8]
Thus, under the SEGHCA, an insurer “shall issue” health insurance coverage to any small employer who does three things: (1) applies for the plan, (2) agrees to make the required premium payments, and (3) satisfies the other reasonable provisions of the health benefit plan not inconsistent with chapter 37, in which the SEGHCA is codified.
The issue in this case is whether requiring a minimum employer contribution as a condition of coverage is a “reasonable provision” that is not “inconsistent with” chapter 37 of the Insurance Code. By including the adjective “reasonable,” the Legislature has indi *81 cated that the reasonableness of small employer health insurance plan provisions may be considered and evaluated, even if the contractual provision at issue does not otherwise conflict with the statutory provisions contained in the SEGHCA.[9]
However, it is not within the purview of the judicial branch to determine whether a particular insurance provision is “reasonable.” Rather, “the explicit ‘public policy’ of Michigan is that the reasonableness of insurance contracts is a matter for the executive, not judicial, branch of government.”[10] This is because “the Legislature has assigned the responsibility of evaluating the ‘reasonableness’ of an insurance contract to the person within the executive branch charged with reviewing and approving insurance policies: the Commissioner of Insurance.”[11]
Moreover, the commissioner’s determination regarding the reasonableness of a contractual provision is entitled to great deference under the limited standard of review that Michigan courts apply when reviewing the decisions of administrative agencies..[12] If the commissioner were to conclude on remand that compulsory minimum employer contributions are not “reasonable,” the petitioner would bear the burden of establishing *82 that its substantial rights have been prejudiced[13] because the commissioner’s reasonableness determination was “[arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.”[14] The commissioner’s declaratory ruling identified several factors that could support a determination that the imposition of minimum employer contribution requirements is not reasonable.
Because it is the responsibility of the commissioner to make the determination in the first instance regarding whether a minimum employer contribution requirement is a “reasonable provision” that is not “inconsistent with” the SEGHCA, I concur with the majority opinion and concur in remanding this case for reconsideration of petitioner’s motion for declaratory judgment.

 Executive Order 2008-02 changed the name of the agency from the Office of Financial and Insurance Services (OFIS) to the Office of Financial and Insurance Regulation (OFIR).

 MCL 500.3701 et seq., which is chapter 37 of the Insurance Code.

 MCL 500.3711.

 A “small employer” is defined as a
person, firm, corporation, partnership, limited liability company, or association actively engaged in business who, on at least 50% of its working days during the preceding and current calendar years, employed at least 2 but not more than 50 eligible employees. In determining the number of eligible employees, companies that are affiliated companies or that are eligible to file a combined tax return for state taxation purposes shall be considered 1 employer. [MCL 500.3701(p).]

 Petitioner requested a declaratory ruling after OFIS posted its informal opinion under the “Small Employer Group Health Coverage Act FAQ” section of its website:
Q. Can a small employer carrier require a minimum contribution level (either dollar or percentage) by the employer as a condition of coverage?
A. No, Chapter 37 does not allow small employer carriers to require a contribution level that must be paid by the employer sponsor.
<http://www.michigan.gOv/dleg/0,1607,7-154-10555_13648-82698— ,00.html#Q17> (accessed April 29, 2011) (emphasis added).

 A “carrier” is defined as including commercial insurance companies, HMOs, nonprofit health care corporations, and multiple employer welfare arrangements. MCL 500.3701(d):

 A “health benefit - plan” or “plan” means “an expense-incurred hospital, medical, or surgical policy or certificate, nonprofit health care corporation certificate, or health maintenance organization contract.” MCL 500.3701(k).

 Emphasis added.

 In considering whether minimum employer contribution requirements are consistent with the SEGHCA, I note that the Legislature has identified only one circumstance under which a small employer carrier may impose “a condition of coverage” and “deny coverage to a small employer” if the condition is not met: when the small employer had failed to meet the minimum participation rules described in MCL 500.3709.

 Rory v Continental Ins Co, 473 Mich 457, 476; 703 NW2d 23 (2005).

 Id. at 475; see also MCL 500.2236; MCL 500.2242.

 MCL 500.244(1) provides that judicial review of the commissioner’s actions is provided by the Administrative Procedures Act, MCL 24.201 et seq.

 It is unclear whether petitioner has a “substantial right” to require minimum employer contributions as a condition of coverage in its health insurance contracts. Black’s Law Dictionary (8th ed), p 1349, defines “substantial right” as “[a]n essential right that potentially affects the outcome of a lawsuit and is capable of legal enforcement and protection, as distinguished from a mere technical or procedural right.” (Emphasis added.)

 MCL 24.306(1)(e) provides that a court shall set aside a decision of an administrative agency “if substantial rights of the petitioner have been prejudiced because the decision or order” is “[ajrbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.” Any factual findings in support of the reasonableness determination are affirmed if “supported by competent, material and substantial evidence on the whole record.” MCL 24.306(1)(d).